IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIAM NICHOLAS WEBB, JR.,

    Plaintiff,

v.

CIVIL ACTION NO.: CV510-066

RANDY ROYAL, Sheriff;
Cpl. STAPLETON; Lt. RYALS;
Cpl. GONZALEZ; Cpl. WILLIAMS;
Dr. PETER WROBEL; and
JIMMY SIKES, Nurse,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Ware County Jail in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he slipped and fell, which caused his back to hurt. Plaintiff states he was taken to the medical facility in a wheelchair, and was told by Defendant Sikes, a nurse, that he was fine. Plaintiff claims that he had bad back pain, but that the doctor at the Ware County Jail medical facility treated Plaintiff on site instead of taking him to the hospital.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon jail officials to take reasonable measures to guarantee the safety of prisoners. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether the jail officials exhibit a deliberate indifference to the serious medical needs of prisoners. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by

a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). A mere difference in medical opinion between medical personnel and the prisoner as to the diagnosis or course of treatment is insufficient to support an Eighth Amendment claim. Harris, 941 F.2d at 1505. It appears that Plaintiff disagrees with the course of medical treatment he has received. Even taken as entirely true, Plaintiff's allegations against Defendant Sikes fail to rise to the level of deliberate indifference necessary to establish a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

In addition to Defendant Sikes, Plaintiff names as Defendants in this case: Sheriff Randy Royal, Cpl Stapleton, Lt. Ryals, Cpl. Gonzalez, Cpl. Williams, and Medical Director Peter Wrobel. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to make any factual allegations that the aforementioned defendants are involved in any way with his deliberate indifference claim. It appears that Plaintiff attempts to hold these defendants liable based solely on their supervisory positions. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

Plaintiff's claims against the Ware County Jail should also be dismissed. While local governments qualify as "persons" to whom § 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir.

AO 72A
(Rev. 8/82)

3

1989), penal institutions are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE